IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Carolyn Green and Callrina Reid, <br><br> Plaintiffs, <br> vs. <br><br> Momentum Motor Group, LLC, United Auto Credit Corporation, and Damon Young, an individual, <br><br> Defendants. | Civil Action No. 0:17-cv-01449-CMC <br><br> **OPINION AND ORDER** <br> **Attorneys' Fees and Costs** |

This matter is before the court on Plaintiffs' motion for attorneys' fees and costs. ECF No. 46. For the reasons set forth below, the motion is granted in part and Plaintiffs are awarded costs of $400 and attorneys' fees of $7,400.

Plaintiffs were awarded damages against Defendant Momentum Motor Group, LLC ("Momentum") following Momentum's default, the court's resolution of Plaintiffs' unopposed motion for summary judgment on damages, and Plaintiff Callrina Reid's ("Reid's") election of remedies. *See* ECF No. 20 (Default); ECF No. 45 (Order on Summary Judgment (Damages)); ECF No. 47 (Election of Remedies); ECF No. 48 (Judgment). Plaintiff Carolyn Green ("Green") was awarded damages in the amount of $4,000, and Reid was awarded damages in the amount of $8,530, for a total damages award of $12,530. ECF Nos. 45, 47, 48.

Through their present motion, Plaintiffs seek an award of attorneys' fees in the amount of $9,805 and costs in the amount of $400. The motion is supported by affidavits of Plaintiffs' counsel (including summaries of the work done and affirmation of counsel's regular rates), the contingency fee agreement between Plaintiffs and their counsel, and a recent survey reflecting median rates charged by attorneys for work in the relevant geographic and subject matter areas.

## STANDARD

In addressing a petition for attorneys' fees, a "court must first determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Svcs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313 (4th Cir. 2008)). The reasonable hours and rate are, in turn, determined by applying the twelve factors set out in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978). *Robinson*, 560 F.3d at 245 (reaffirming use of the Barber factors).

> (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required to properly perform the legal service; (4) the preclusion of other employment opportunities for the attorney due to the attorney's acceptance of the case; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) fee awards in similar cases.

*Trimper v. City of Norfolk Va.*, 58 F.3d 68, 73 (4th Cir. 1995).

The fee petition must provide adequate support for the rates claimed. *See Grissom*, 549 F.3d at 323 (reversing fee award, in part because "Plaintiff offered no specific evidence that the hourly rates sought for his attorneys coincided with the then prevailing market rates of attorneys in the Eastern District of Virginia of similar skill and for similar work, which our case law required him to do."). While a survey reflecting rate ranges for the relevant practice and geographic area may be relevant to determining the reasonableness of rates sought, more may be required to link the rates sought to the reputation and skills of the attorney whose work is at issue. *Id.* ("Examples of the type of specific evidence that we have held is sufficient to verify the prevailing market rates are affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community.").

## DISCUSSION

**Costs.**  The only cost sought is for the filing fee.  The court finds this cost proper and, therefore, awards costs of $400.

**Attorneys' Fees.**  Plaintiffs seek fees for work performed by two attorneys:  Penny Hays Cauley; and William Geddings.  As to Cauley, they seek compensation for 11.45 hours at a rate of $400 per hour ($4,580 total).  As to Geddings, they seek compensation for 19 hours at a rate of $275 per hour ($5,225 total).

**Rates.**  The only third-party support offered for the rates sought is a third-party survey.  *See* ECF No. 46-3 (excerpt from Ronald J. Burge,, United States Consumer Law Attorney Fees Survey Report 2015-2016, at 134-35 ("Burge Survey")).  The Burge Survey reflects median rates for attorneys handling consumer credit cases in South Carolina ranging from $275 to $375 with a median rate of $325.

The rate sought for Geddings falls at the low end of the rates reflected on the Burge Survey.  The rate sought for Cauley somewhat exceeds the highest median rate listed.  No third-party affidavit is offered to address Cauley's specific skill level.  The absence of such an affidavit is somewhat problematic given the high rate sought.  Nonetheless, in the absence of any opposition and in light of other reductions below, the court accepts the rates sought for both attorneys as reasonable.[1]

The hours for which compensation is sought are not unreasonable given the work performed.  The court, nonetheless, finds that the degree of success warrants a reduction.  This is largely because the court declined to award a substantial portion of the damages sought, most

---

[1]  In light of these considerations, this order should not be cited in any future action as having found the rate requested for Cauley reasonable.

critically damages sought for lost wages and emotional distress under the state law claims. One legal memorandum was directed primarily to the availability of emotional distress damages under the two state-law claims for which the majority of these damages were sought.[2] These arguments were unsuccessful. Under these circumstances, the court finds a roughly 25% reduction in the attorneys' fees sought is appropriate and awards fees in the amount of $7,400.

## CONCLUSION

For the reasons set forth above, the court awards costs in the amount of $400 and attorneys' fees in the amount of $7,400.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 2, 2018

---

[2] The court declined to award lost wages because the complaint did not give notice of such a claim.